Leo BLATT, as Trustee in Bankruptcy of the Estate of H. Earl Eakin, Inc., Bankrupt, Plaintiff,

v.

H. Earl EAKIN, Emilie Lou Eakin, and Student Portraits, Inc., Defendants.

Civ. A. 18520.

United States District Court
E. D. New York.

Oct. 3, 1958.

———◆———

I. Robert Bassin, Jamaica, for plaintiff.

Kelly, Hyman & Deeley, Freeport, for defendants, by Allan Hyman, Freeport, of counsel.

BYERS, Chief Judge.

This is a plaintiff's motion to strike defenses and counterclaim, and is disposed of as follows:

As to the first affirmative defense and counterclaim, the motion is denied, without prejudice to its renewal at an appropriate time during or after the completion of the trial.

As to the third defense, the motion is granted, without prejudice to the right of the defendant to assert all of the matters so pleaded in connection with the trial of the case.

The second alleged cause of action asserts that the defendants caused the bankrupt corporation to transfer to the defendant Student Portraits, Inc., "its business together with all its goods, wares, merchandise, furniture, equipment, fixtures and automobiles in bulk and said sale and transfer was not made in the ordinary course of business and was fraudulent and void as against the existing and future creditors of the said H. Earl Eakin, Inc."

The remaining paragraphs of that cause assert non-compliance with the requirements of Section 44 of the Personal Property Law of the State of New York; also that the defendant, Student Portraits, Inc. "is therefore accountable and responsible to the plaintiff and to all other existing creditors" etc. "to the extent of the value of" the property above referred to.

The second affirmative defense alleges that the cause is barred by the three-year statute of limitations, Civil Practice Act, § 49, and the theory of the defense is that the action is based upon a statute which provides for a penalty or forfeiture.

No authority has been cited to sustain this contention of the defendants, and the matter is therefore one of first impression.

It appears that this action was commenced within six years from the time of the alleged transfer and non-compliance with the statutory requirements above stated.

There is authority for the proposition that the action of a trustee in bankruptcy in suing a purchaser who failed to comply with the Bulk Sales Act was properly brought in equity. Irving Trust Co. v. Rosenwasser, D.C., 5 F.Supp. 1016.

A reading of the statute is convincing to this court that the remedies prescribed in subdivision 3 of section 44 do not spell out a forfeiture, since they prescribe for accountability to the creditors of the seller for the property so transferred, which is obviously to be distinguished from a forfeiture of the property itself.

The motion to strike the second complete affirmative defense is granted, reserving to the defendants the right to offer proof in support of any contention that may be deemed justified that the plaintiff has been guilty of laches sufficient to defeat a cause of action in equity.

Settle order.